In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert GLICKMAN, Attorney at Law.

Supreme Court

*No. 96–1758–D. Filed March 12, 1997.*

(Also reported in 559 N.W.2d 905.)

¶ 1.   PER CURIAM.   We review the report of the referee recommending that the license of Robert Glickman to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his failure to pursue a client's legal malpractice action and respond to the client's

attempts to communicate with him regarding the matter and his failure to pursue a client's probation revocation matter to which he was appointed by the State Public Defender.

¶ 2.   We determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Glickman's professional misconduct in these matters. His failure to provide competent representation to a client whose interests he undertook to pursue and his abandonment of a client sentenced to prison for probation violation constitute serious breaches of his professional obligations to those whose interests he had agreed to protect.

¶ 3.   Attorney Glickman was admitted to practice law in Wisconsin in 1991 and practiced in Madison. He currently resides in Atlanta, Georgia. He has not previously been the subject of a disciplinary proceeding. He refused to file an answer to the complaint of the Board of Attorneys Professional Responsibility (Board) or otherwise contest the allegations of professional misconduct, and the referee, Attorney Judith Sperling Newton, made findings of fact consistent with those allegations.

¶ 4.   In February, 1992, Attorney Glickman filed a legal malpractice action on behalf of a client. Thereafter, he did not comply with the terms of the court's pretrial order setting a time for disclosing expert witnesses, completing medical examinations, and identifying and marking all exhibits intended to be offered at trial. Opposing counsel wrote to him one month after the date by which he was to have named expert witnesses, reminding him of his failure to do so. Attorney Glickman did not respond.

¶ 5.   When counsel for the defendant filed a motion seeking to prohibit the plaintiff from presenting

the testimony of any experts, Attorney Glickman did not file a response. At the end of the week preceding the scheduled trial, Attorney Glickman filed a motion for a continuance, stating that the trial date conflicted with a federal court proceeding in which he was representing a co-defendant and that as a sole practitioner without staff, he could not be prepared for both actions. The court denied the motion for continuance and granted the defense motion. During a recess of the motion hearing, the client's case was settled for $25,000, $2500 more than the client had been offered prior to retaining Attorney Glickman to represent him.

¶ 6. The referee concluded that Attorney Glickman's conduct in this matter constituted a failure to provide competent representation, in violation of SCR 20:1.1,[1] and a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[2]

¶ 7. In a second matter, the State Public Defender appointed Attorney Glickman to provide appellate representation to a man whose probation was revoked and who was sentenced to prison. Between the time of his appointment on May 13, 1994 and November 7, 1994, when the Public Defender reassigned the case to other counsel, Attorney Glickman filed no

---

[1] SCR 20:1.1 provides:

**Competence**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

pleadings either to initiate review of the client's probation revocation or to convey to the court, the Public Defender, and the client that such review would have no merit.

¶ 8. The client attempted on several occasions without success to reach Attorney Glickman by telephone and by letter, but Attorney Glickman did not contact him. After receiving the client's complaint of his inability to contact him, State Public Defender staff wrote to Attorney Glickman requesting an immediate telephone call. Attorney Glickman did not respond. On October 12, 1994, after receiving another complaint from the client, staff wrote to Attorney Glickman requesting immediate contact concerning the client's complaints and stating that if a response were not received by October 25, 1994, other counsel would be appointed for the client. Attorney Glickman did not respond. Some time prior to the appointment of another attorney, Attorney Glickman decided to terminate his law practice in Wisconsin, but he did not communicate that decision either to the client or to the State Public Defender. Only after receiving inquiries from the State Public Defender and after the client's case was assigned to other counsel did Attorney Glickman notify the courts of his decision to close his law practice.

¶ 9. The referee concluded that Attorney Glickman's conduct in this matter constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3, a failure to keep a client reasonably informed of the status of his legal matter and comply with reasonable requests for information, in violation of SCR 20:1.4(a),[3] and a fail-

---

[3] SCR 20:1.4 provides, in pertinent part:

ure to take steps reasonably practicable to protect a client's interests upon termination of the client's representation, in violation of SCR 20:1.16(d).[4]

¶ 10.   As discipline for that professional misconduct, the referee recommended that the court suspend Attorney Glickman's license to practice law in Wisconsin for 60 days. We determine that the recommended license suspension is appropriate discipline to impose. We also determine, contrary to the referee's recommendation, that Attorney Glickman should be required to pay the costs of this proceeding. Notwithstanding that he filed no answer to the Board's complaint and did not otherwise contest the allegations of misconduct, he is responsible for the costs incurred by the Board in this proceeding.

¶ 11.   IT IS ORDERED that the license of Robert Glickman to practice law in Wisconsin is suspended for a period of 60 days, commencing the date of this order.

¶ 12.   IT IS FURTHER ORDERED that within 60 days of the date of this order Robert Glickman pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are

---

Communication

(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 20:1.16 provides, in pertinent part:

Declining or terminating representation

. . .

(d)   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert Glickman to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 13.   IT IS FURTHER ORDERED that Robert Glickman comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.